UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA,** | ) | **CASE NO. 1:17 cr 321** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL SHEFFEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is the Supplement to Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release due to COVID-19 Circumstances. **Doc #: 46** ("Motion"). For the following reasons, the Motion is **DENIED**.

I. **Background**

On August 7. 2018, an indictment issued charging Michael Sheffey, a career offender, with distribution of methamphetamine (Count 1), distribution of heroin (Count 2), possession with the intent to distribute methamphetamine (Count 3), and possession of firearm and ammunition by a felon (Count 4). The relevant guidelines range was 151 to 188 months. On September 16, 2018, he pled guilty to Count 3; Counts 1, 2 and 4 were dismissed; and the Court sentenced Sheffey to 73 months imprisonment followed by 3 years of supervised release. Sheffey resides at FCI Hazelton, West Virginia, with a release date of December 16, 2022.[1]

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

On October 8, 2020, the Court granted Sheffey's request to appoint counsel to assist him in filing a motion for compassionate release. The Court has reviewed the pending Motion, the Government's response, Doc #: 49, Sheffey's reply, Doc #: 50, and the record, and is prepared to issue a ruling.

## II.     Standard of Review

Before granting a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i), a court must find: (1) extraordinary and compelling reasons warrant a sentence reduction, (2) the defendant is not a danger to the safe of any other person or the community, and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Hardin*, No. 1:19 CV 240, 2020 U.S.Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

## III.    Analysis

### A.     Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *United States v. Hardin*, No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Sheffey is a 55 year old man who suffers a panoply of medical conditions: chronic kidney disease, hypertension, prediabetes, hyperlipidemia, latent tuberculosis, anemia and obesity. The Government acknowledges that Sheffey's chronic kidney disease has been identified by the CDC as heightening the risk of severe illness should he contract COVID-19 in prison; however, the BOP is ably managing these numerous conditions. But managing a prisoner's medical

conditions, while relevant under U.S.S.G. 1B1.13 to motions brought by the Director of the BOP, is not relevant to the COVID-19 analysis. *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *2 (6th Cir. Nov. 30, 2020) ("Until the Sentencing Commission updates U.S.S.G. § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an "extraordinary and compelling reason justifies compassionate release when an imprisoned person filed a § 3582(c)(1)(A) motion.") (quoting *United States v. Booker*, 976 F.3d 228, 234 (2d Cir. 2020). The Court finds that Sheffey has shown he is at high risk of having grave complications should he contract COVID-19 in prison.

On November 24, 2020, FCI Hazelton had 13 active COVID-19 cases, and that number has nearly tripled since then.[2] Given the rapid advancement of the virus in prison facilities, the Court finds FCI Hazelton is suffering a severe outbreak. In short, the Court concludes that Sheffey has shown he has an extraordinary and compelling reason warranting a sentencing reduction. But that is not the end of the analysis.

**B.      Danger to the Safety of Any Other Person or the Community**

For a Court to grant compassionate release, it must also find the defendant is not a danger to the safety of any other person or the community. 18 U.S.C. § 3142(g). Section 3142(g) calls for courts to consider (1) the nature of the circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the prisoner's release. Id.

---

[2] https://www.bop.gov/coronavirus/ (last visited December 27, 2020.)

The Court agrees with the Government that Sheffey's instant criminal offense shows that he poses a danger to others and the community in general should the Court release him today. On April 9, 2017, Ashtabula Police Department responded to an overdose. See generally Doc #: 19. When the individual regained consciousness, the individual reported purchasing heroin from Sheffey on March 16, 2017. The next day, a confidential informant ("CI") conducted a controlled purchase of methamphetamine and heroin from Sheffey. One day later, the CI made another controlled purchase of heroin. A subsequent search of Sheffey's residence revealed various controlled substances including fentanyl, drug paraphernalia and a loaded revolver in Sheffey's living room. When asked by the U.S. Probation Officer why he trafficked drugs, he said he had recently received a small inheritance from his father, so he purchased them to invite "friends and hookers" to his residence so he could "kick[] and enjoy[] it." At the time he was arrested, he had been released from prison for only two months. Sheffey's laissez-faire conduct shows, among numerous other things, he poses a danger the community should he be released. He nearly caused a fatal overdose. If law enforcement hadn't intervened, Sheffey might have been charged with murder.

### C.     Sentencing Factors under  18 U.S.C. § 3553(a)

In addition to the above factors, a court must also consider the need for the sentence imposed to afford adequate deterrence to a defendant's criminal conduct, protect the public from further crimes by the defendant, reflect the seriousness of the offense, provide just punishment for it, and promote respect for the law. 18 U.S.C. § 3553(a).

Sheffey's instant offense is far from an isolated occurrence. His criminal history spans 35 years. The record shows Sheffey committed multiple robberies in 1983 and 1984 – one for

which he was sentenced to a prison term of 6 to 15 years.  In 1992, he was convicted of two counts of aggravated robbery and sentenced to 10 to 25 years in prison.  In 2006, he was convicted of robbery during which he pulled a knife on a gas station cashier, resulting in a 1 year sentence.  In 2007, at the age of 42, Sheffey was convicted of unlawful sexual contact with a 15-year old girl he accosted in the woods and forced her to perform oral sex at knife point.  As a result of this particular offense, Sheffey received a 4 year prison sentence and is now a registered sex offender.  In 2014 (age 49), and again in 2015 (age 50), Sheffey was sentenced to 2.5 years in prison for trafficking in heroin.  This history of criminal conduct placed Sheffey in the highest Criminal History Category, VI – and this picture does not include 7 adult and 9 juvenile convictions for which he received no points.  The record shows he committed three of the above crimes while on parole or post-release supervision, and he committed the instant offense shortly after release for trafficking heroin.  These repeated offenses demonstrate Sheffey's proclivity to sit on the wrong side of the law no matter how many crimes he commits and how many sentences he serves.

      Sheffey says that his risk of recidivism is "quite low" given his age, 55.  However, he committed the instant offense at the age of 52 and within months of being released from prison.  Sheffey points to all the course work he has taken while imprisoned for this offense to show that he has rehabilitated himself.  The Court is impressed with Sheffey's classes.  However, a look at his criminal background shows that he took numerous classes while previously imprisoned and that did not seem to make a dent in his effort to rehabilitate himself.

      The Court concludes that reappraisal of the sentencing factors does not favor his release.

**IV.     Conclusion**

Although Sheffey has shown extraordinary and compelling circumstances warranting a sentence reduction, he has failed to show that he does not pose a danger to the public should he be released, nor does reconsideration of the sentencing factors favor his release.  Accordingly, the pending Motion, **Doc #: 46**, is **DENIED**.

**IT IS SO ORDERED.**

     */s/ Dan A. Polster    December 28, 2020*
**Dan Aaron Polster**
**United States District Judge**